UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| STOJAN STJEPANOVIC, ) <br> ) <br> Petitioner, ) <br> v. ) <br> ) <br> UNITED STATES OF AMERICA, ) <br> ) <br> Respondent. ) | Case No. 15-cv-3947 <br><br> Judge John W. Darrah |

## MEMORANDUM OPINION AND ORDER

Petitioner Stojan Stjepanovic filed a *pro se* Motion to Vacate, Set Aside, or Correct [1] his sentence pursuant to 28 U.S.C. § 2255. For the reasons provided below, this Motion [1] is denied.

## BACKGROUND

On June 16, 2011, Stjepanovic was indicted and charged with nine counts of mail fraud in violation of 18 U.S.C. § 1341. (R. 1.) On January 19, 2012, Petitioner appeared and entered a plea of guilty to Count One of the indictment pursuant to a written plea agreement. (R. 24 & 25.) The plea agreement waived all trial rights and appellate rights, excluding the voluntariness of the plea and the sentence imposed. (R. 25.) On November 14, 2012, Petitioner was sentenced to sixty-three months' imprisonment. (R. 42.) Petitioner did not file an appeal. On May 1, 2015, Petitioner filed the present motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence.

## LEGAL STANDARD

Petitioner's *pro se* petition is construed liberally. *Ward v. Jenkins*, 613 F.3d 692, 700 (7th Cir. 2010). A prisoner convicted of a federal crime may move the district court that

imposed the sentence to vacate, set aside, or correct the sentence. 28 U.S.C. § 2255. A petitioner must show that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). Relief is only available in cases where jurisdictional or constitutional errors have caused a "complete miscarriage of justice." *Harris v. U.S.*, 366 F.3d 593, 594 (7th Cir. 2004) (quoting *Borre v. United States*, 940 F.2d 215, 217 (7th Cir. 1991)). This is an "extraordinary remedy because it asks the district court essentially to reopen the criminal process to a person who already has had an opportunity for full process." *Almonacid v. U.S.*, 476 F.3d 518, 521 (7th Cir. 2007).

**ANALYSIS**

In his § 2255 motion, Petitioner alleges: that his defense counsel was ineffective; that there was a warrantless search and seizure executed in his apartment; and that he was arrested and searched without a warrant.

*Timeliness*

The Government contends that the petition is untimely under 28 U.S.C. § 2255(f) because Petitioner filed his motion more than a year after his conviction became final. A petitioner must file a § 2255 motion within one year of the date when the "judgment of conviction becomes final." *Robinson v. U.S.*, 416 F.3d 645, 647 (7th Cir. 2005); *see also* 28 U.S.C. § 2255(f)(1)-(4). Further, "[f]or the purposes of starting the clock on a Section 2255's one-year limitation period,

. . . a judgment of conviction becomes final when the time expires for filing a petition for *certiorari* contesting the appellate court's affirmation of the conviction." *Clay v. United States*, 537 U.S. 522, 525 (2003).

Petitioner argues his one-year period of limitation runs under § 2255(f)(4), specifically, upon his discovery that there was no search warrant. However, the search warrant was supplied during initial discovery, prior to his guilty plea. (Gov't. Resp. Exhs. A, B.) As a result, Petitioner's one-year period of limitation runs under § 2255(f)(1), on the date the judgment of conviction became final. Here, judgment was entered on November 14, 2012. Under Federal Rule of Appellate Procedure 4(b), Petitioner had to file a notice of appeal within fourteen days, or by November 28, 2012. Therefore, the period of limitations for a motion under Section 2255 began to run on November 28, 2012. *See Kapral v. U.S.*, 166 F.3d 565, 577 (3rd Cir. 1999) (holding that if a defendant does not pursue a timely direct appeal to the court of appeals, his or her conviction and sentence become final, and the statute of limitation begins to run on the date on which the time for filing such an appeal expired). Petitioner, however, did not file this motion until May 1, 2015.

Nonetheless, Petitioner contends that his motion was timely under the doctrine of equitable tolling. In order for Petitioner to satisfy the doctrine of equitable tolling, he must establish: (1) that he has been pursuing his rights diligently; and (2) that some extraordinary circumstances outside of his control stood in his way and prevented timely filing without any fault of his own. *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). Equitable tolling is granted "sparingly, where extraordinary circumstances beyond the litigant's control prevented timely filing." *Gildon v. Bowen*, 384 F.3d 883, 887 (7th Cir. 2004). Petitioner argues that he diligently

3

reviewed his case, but he does not show extraordinary circumstances outside of his control stood in the way of timely filing his motion. There are no facts that suggest that Petitioner's two-and-a-half-year delay was due to an external force outside of Petitioner's control. Equitable tolling is inappropriate in this case. Petitioner's Motion is untimely.

*Guilty Plea*

Even if Petitioner's motion was not untimely, Petitioner's alleged Fourth Amendment violations are barred due to Petitioner's voluntary and intelligent guilty plea. A defendant has the opportunity to challenge the theory of the indictment instead of entering a guilty plea. *United States v. Vela*, 740 F.3d 1150, 1153 (7th Cir. 2014) (citing *United States v. Broce*, 488 U.S. 563, 574 (1989)). In *Vela,* the defendant chose not to challenge the theory of his indictment and plead guilty. *Id.* at 1153. The court held that defendant relinquished his right to collaterally attack the theory of the indictment when he pled guilty. *Id.* at 1153. Here, Petitioner pled guilty on January 19, 2012, and now alleges multiple Fourth Amendment violations during the course of investigation. Petitioner cannot now collaterally attack a voluntary and intelligent guilty plea. Further, Petitioner does not argue that his guilty plea was involuntary or was made without knowledge. Therefore, Petitioner cannot collaterally attack his guilty plea with alleged Fourth Amendment violations.

*Certificate of Appealability*

A district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant on a *habeas* petition. A certificate of appealability "may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Petitioner has not made a substantial showing of the denial of a
4

constitutional right; and, accordingly, a certificate of appealability shall not issue. Petitioner may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22.

## CONCLUSION

For the reasons discussed above, Petitioner's Motion to Vacate, Set Aside, or Correct Sentence [1] is denied. No certificate of appealability shall issue. Consequently, Petitioner's Motion to Unseal and Access Documents [6], Motion to Compel Appointed Defense Counsel to Release All Evidence and Property [7], Motion for Copy of Transcript [11], Motion for Leave to Supplement [12], Motion for Extension of Time [14], and Motion to Request Court Records [17] are denied as moot.

Date: _____October 27, 2015_____  _____
JOHN W. DARRAH
United States District Court Judge